## No. 27635

**City of Grand Junction, Colorado, a municipal corporation v. District Court of Water Division No. 4 and the Honorable Fred Calhoun, Judge of the District Court of Water Division No. 4**

(566 P.2d 1077)

Decided July 25, 1977.

Graham and Dufford, D. J. Dufford, for petitioner.

The Honorable Fred Calhoun, respondent, pro se.

*En Banc.*

*MR. JUSTICE DAY delivered the opinion of the Court.

---

*Retired Supreme Court Justice sitting under assignment of the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.

This is an original proceeding. It is not the usual action in the nature of mandamus in that it was made necessary because of the refusal of the respondent water judge to comply with the mandate of this Court in *City of Grand Junction v. Kannah Creek Water Users Association*, 192 Colo. 284, 557 P.2d 1173.

The City of Grand Junction (City) was the successful party in the above case on appeal to this Court. In our decision we reversed a judgment of the water court denying the City certain storage rights for which it sought a court order. Our remand was unequivocal and certainly not ambiguous. It stated "Judgment is reversed and the cause is remanded to the trial court [respondent water court] to enter its order granting the requested storage rights."

Upon the case being returned to the water court, the respondent judge refused to enter the order as directed ruling that ". . . the Water Court in 1977 has no jurisdiction to grant the application."

The City, thus having its application for entry of a corrected judgment denied and dismissed, had several courses of action. It could have petitioned this Court for a contempt citation which would have delayed matters while we dealt with the recalcitrant judge. The City chose, therefore, to file the instant original proceeding requesting we order the respondent judge to show cause why he should not be compelled to enter the mandated order. The respondent has answered the show cause order and the matter is now at issue. We make the rule absolute.

Without reiterating our original majority opinion in *City of Grand Junction, supra*, suffice it to say the water court judgment which was appealed was entered upon reliance on an earlier 1970 judgment of the Mesa County District Court which we held to be void. We further held that the water court committed error when it held as *res judicata* the 1970 void judgment.

Respondent judge, either facetiously or through unwillingness to study the opinion, has made a faulty deduction on a faulty premise concluding with a ruling that if the 1970 district court judgment was void, then ". . . the water court lacks jurisdiction over the matter." The court, however, has attempted to reargue the original case herein and to express his acceptance of the dissenting opinion. The majority opinion is the law of the case.

It is axiomatic that courts retain jurisdiction to correct void judgments or erroneous ones. In the case originally before the water referee, the City obtained a favorable decision granting its right to the requested storage. The water court accepted jurisdiction to review the distribution and transmission utility. It sought higher rates. After investigation and hearing, the Public Utilities Commission (PUC) concluded that the existing rates and tariffs did not provide Peoples Division a fair and reasonable return and therefore a rate increase of $887,615 per year

referee's decision, entered an order reversing it and remanded the cause to the referee with directions "to enter a ruling not inconsistent with these [the court's] findings, and *deny* the right to store the 7.81 c.f.s. paramount decree." (Emphasis added.)

The water court then — as its proceedings below reveal — had jurisdiction of the subject water in its division, had jurisdiction of the parties and had jurisdiction over the referee. In exercising that jurisdiction, it granted relief to the protesting Kannah Creek Water Users Association and denied the requested right to the City. That judgment we held to be error but it remains on record in the water court until corrected. Our remand reinvested jurisdiction in the water court to make the corrected order. We have mandated that the erroneous judgment be vacated and that the new order be entered. Nothing could be more plain. The water judge has no discretion but to carry out the order on remand. It is so ordered.

The rule is made absolute.

MR. JUSTICE GROVES does not participate.